UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

    JUDITH ANN DALE                            Chapter 7
                                                  Case no. 23-20144-PRW

                             Debtor
_____

MARK J. SCHLANT, TRUSTEE IN
BANKRUPTCY FOR JUDITH ANN DALE
1600 Main Place Tower
350 Main Street
Buffalo, New York 14202

                             Plaintiff

                                                       A.P. No.
vs.

STATE UNIVERSITY OF NEW YORK
BUFFALO STATE UNIVERSITY
1300 Elmwood Avenue
Buffalo, New York 14222

KATRYNA ROCK
6545 Chestnut Ridge Road
Orchard Park, New York 14127

                           Defendant
_____

## COMPLAINT

MARK J. SCHLANT, as Trustee in Bankruptcy for Judith Ann Dale (the "Plaintiff" or the "Trustee"), by his attorneys, Zdarsky, Sawicki & Agostinelli LLP, for his Complaint against the Defendant, hereby alleges:

1.     The Plaintiff is the duly appointed, qualified and acting Chapter 7 Trustee in the above-captioned case now pending under Chapter 7 of Title 11 of the United States Code, and

has an office for the transaction of business in the County of Erie and State of New York at the address set forth in the caption herein.

2. Upon information and belief, Defendant State University of New York Buffalo State University ("Buffalo State University") is and has been at all times herein relevant a public university operating within the State University of New York system.

3. Upon information and belief, Defendant Katryna Rock ("Katryna") is and has been at all times herein relevant a natural person who currently resides or maintains a location for the transaction of business at the address set forth after her name in the caption herein (based on a certificate of assumed name filed by Katryna in the Erie County Clerk's Office).

4. The Bankruptcy Court has jurisdiction of this Adversary Proceeding pursuant to the provisions of 28 U.S.C. §1334, 28 U.S.C. §157, the Local District Court Permanent Order of Reference and the Bankruptcy Rules. This proceeding is a "core" proceeding under the provisions of 28 U.S.C. §157(b)(2).

5. Venue is proper in this District pursuant to 28 U.S.C. §1409 because the above-captioned bankruptcy case of the Debtor, in which this adversary proceeding arises and to which this adversary proceeding relates is pending in this District.

6. Judith Ann Dale (the "Debtor") filed a voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code on April 6, 2023 (the "Petition Date").

7. The Plaintiff was appointed as Chapter 7 Trustee in the Debtor's case on April 6, 2023.

8. Upon information and belief, the Debtor is the grandmother of Katryna.

9. Upon information and belief, Katryna was a student at Buffalo State University in

2

approximately 2018 and 2019.

10. Upon information and belief, at relevant times the Debtor did not have legal custody of Katryna or any legal obligation to provide for Katryna's support.

11. Upon information and belief, on each of September 6, 2018 and February 7, 2019, the Debtor made payments of $5,000.00 (i.e., $10,000.00 total) to Buffalo State University on account of tuition and fees owed by Katryna to Buffalo State University, using the proceeds of loans which the Debtor obtained for that purpose (the "Transfers"). Attached hereto and made part hereof as Exhibit A are copies of statements issued by Buffalo State University confirming receipt of those payments.

12. The Debtor scheduled the debts represented by those loans as unpaid debt in the schedules filed with her bankruptcy petition herein (listing "Sallie Mae" as the creditor).

13. Upon information and belief, at the time of each of the Transfers, based on the schedules and statements filed by the Debtor herein and upon public record, the value of the nonexempt equity in the Debtor's assets were less than the amount of her debt, and the Debtor was insolvent. Such information includes that at the time of the filing of her petition the Debtor was a defendant in actions pending in the New York State Supreme Court in and for Livingston County, titled,

    A) *First National Bank of Omaha v. Judith A. Dale*, Index No. 000568-2022, in which judgment was sought against her in the sum of $32,537.99 plus costs, further proceedings in which were stayed by the filing of the petition herein (the "FNB Action"); the Debtor scheduled the obligation which was the subject of this action in Schedule E/F of her bankruptcy petition as an unpaid obligation as

3

of the date of the petition, indicating that the obligation is based on a credit card which she opened in October 2013 and used through January 24, 2021; and

  B) *American Express National Bank v. Judith Dale*, Index No. 000569-2022, in which judgment was sought against her in the amount of $20,657.60 plus costs (the "AmEx Action"), which resulted in a judgment which was entered against the Debtor on March 16, 2023 in the amount of $21,092.60 (the "AmEx Judgment"); the Debtor scheduled the obligation which was the subject of this action in Schedule E/F of her bankruptcy petition as an unpaid obligation as of the date of the petition, indicating that the obligation is based on a credit card which she opened in March 1989 and used until February, 2021.

14. Pursuant to 11 U.S.C. §544, the rights of the Trustee herein include that:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

>(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
>
>(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or ...

15. The Plaintiff has been working with counsel for Buffalo State University over a lengthy period of time to attempt to settle the matter or to determine whether Buffalo State University or Katryna have defenses. Unfortunately Buffalo State University has not been able to

4

complete its review of the circumstances in time to avoid the filing of this Adversary Proceeding.

## AS AND FOR A FIRST CAUSE OF ACTION

16. The Plaintiff repeats and realleges the contents of all preceding paragraphs, the same as if they were repeated and restated here in full.

17. Upon information and belief, the Defendants gave no consideration to the Debtor for the Transfers, or any consideration the Defendants gave to the Debtor was less than reasonably equivalent value and/or less than fair consideration, including in that the Debtor personally had no obligation to either Katryna or Buffalo State University to make the Transfers.

18. Upon information and belief, the Debtor either was insolvent at the time of the Transfers or was rendered insolvent thereby.

19. By virtue of the foregoing, the Transfers constitute fraudulent transfers which are avoidable by the Plaintiff under 11 U.S.C. §544 and New York State Debtor and Creditor Law §273.[1]

20. The Plaintiff is entitled to judgment avoiding the Transfers pursuant to 11 U.S.C. §544 and New York State Debtor and Creditor Law §273, and preserving them for the benefit of the estate pursuant to 11 U.S.C. §550 and §551, and to judgment against the Defendants, jointly and severally, in the amount of the Transfers, i.e., $10,000.00, together with interest thereon.

## AS AND FOR A SECOND CAUSE OF ACTION

21. The Plaintiff repeats and realleges the contents of all preceding paragraphs, the

---

[1] New York Debtor and Creditor Law §270 et seq. was amended effective April 4, 2020. The Plaintiff asserts that the Transfers occurred prior to the amendments, and thus are governed by pre-amendment versions of those statutes. References to those statutes herein therefore are to the pre-amendment versions.

same as if they were repeated and restated here in full.

22. Upon information and belief, the Defendants gave no consideration to the Debtor for the Transfers, or any consideration they gave to the Debtor was less than reasonably equivalent value and/or less than fair consideration, including in that the Debtor personally had no obligation to either Katryna or Buffalo State University to make the Transfers.

23. Upon information and belief, after the Transfers the Debtor was left with unreasonably small capital, and/or an unreasonably small amount of assets, for the transactions in which she was then engaged and/or in which she was about to engage.

24. By virtue of the foregoing, the Transfers constitute fraudulent transfers which are avoidable by the Plaintiff under 11 U.S.C. §544 and New York State Debtor and Creditor Law §274.

25. The Plaintiff is entitled to judgment avoiding the Transfers pursuant to 11 U.S.C. §544 and New York State Debtor and Creditor Law §274, and preserving them for the benefit of the estate pursuant to 11 U.S.C. §550 and §551, and to judgment against the Defendants, jointly and severally, in the amount of the Transfers, i.e., $10,000.00, together with interest thereon.

**AS AND FOR A THIRD CAUSE OF ACTION**

26. The Plaintiff repeats and realleges the contents of all preceding paragraphs, the same as if they were repeated and restated here in full.

27. Upon information and belief, the Defendants gave no consideration to the Debtor for the Transfers, or any consideration they gave to the Debtor was less than reasonably equivalent value and/or less than fair consideration, including in that the Debtor had no obligation to either Katryna or Buffalo State University to make the Transfers.

6

28. Upon information and belief, at the time the Transfers occurred, the Debtor had incurred, intended to incur, believed she would incur, reasonably should have believed she would incur, and/or was about to incur debts which would be beyond the Debtor's ability to pay as they matured and/or became due.

29. By virtue of the foregoing, the Transfers constitute fraudulent transfers which are avoidable by the Plaintiff under 11 U.S.C. §544 and New York State Debtor and Creditor Law §275.

30. The Plaintiff is entitled to judgment avoiding the Transfers pursuant to 11 U.S.C. §544 and New York State Debtor and Creditor Law §275, and preserving them for the benefit of the estate pursuant to 11 U.S.C. §550 and §551, and to judgment against the Defendants, jointly and severally, in the amount of the Transfers, i.e., $10,000.00, together with interest thereon.

**AS AND FOR A FOURTH CAUSE OF ACTION**

31. The Plaintiff repeats and realleges the contents of all preceding paragraphs, the same as if they were repeated and restated here in full.

32. Based upon the foregoing, the Transfers are marked by the "badges of fraud", from which the intent to make a fraudulent transfer may be inferred, including in that: a) Katryna is the Debtor's granddaughter; b) the Transfers were not made in the ordinary course of dealings of the Debtor or Katryna; c) the Defendants gave no consideration or inadequate consideration for the Transfers; and d) the Debtor was insolvent at the time of or immediately after the Transfers.

33. Upon information and belief, the Debtor was insolvent at the time of the Transfers, was rendered insolvent by the Transfers, or became insolvent shortly after the

Transfers were made.

34. Based on the foregoing, upon information and belief, the Transfers were made with the actual intent of the Debtor and/or Katryna to hinder, delay, or defraud creditors to which the Debtor was indebted at the time of the Transfers and future creditors to which the Debtor might thereafter have incurred debt.

35. By virtue of the foregoing, the Transfers constitute fraudulent transfers which are avoidable by the Plaintiff under 11 U.S.C. §544 and New York State Debtor and Creditor Law §276.

36. The Plaintiff is entitled to judgment avoiding the Transfers pursuant to 11 U.S.C. §544 and New York State Debtor and Creditor Law §276, and preserving them for the benefit of the estate pursuant to 11 U.S.C. §550 and §551, and to judgment against the Defendants, jointly and severally, in the amount of the Transfers, i.e., $10,000.00, together with interest thereon.

**WHEREFORE**, the Plaintiff demands judgment avoiding the Transfers pursuant to 11 U.S.C. §544 and New York State Debtor and Creditor Law §273, §274, 275, and/or §276, and preserving them for the benefit of the estate pursuant to 11 U.S.C. §550 and §551, judgment against the Defendants, jointly and severally, in the amount of the Transfers, i.e., $10,000.00, together with interest and the costs and disbursements of this action, and for such other and further relief as the Court deems just and proper.

##########

Dated: April 4, 2025
      Buffalo, New York

                              ZDARSKY, SAWICKI & AGOSTINELLI, LLP
                              Attorneys for the Plaintiff

                              <u>s/ Mark J. Schlant</u>
                              By: Mark J. Schlant
                              1600 Main Place Tower
                              350 Main Street
                              Buffalo, New York 14202
                              Tel: (716) 855-3200